denial of Boss's discovery motions, but also on any other possible discovery abuses that may have occurred in the district court. That said, it appears from the record presented to us that Yamaha's discovery practices were less than commendable. For example, on several occasions Yamaha date-stamped documents to be filed with the district court using the court's time stamp, but did not actually place the document in the court's drop-box at that time. *See Boss Indus., Inc. v. Yamaha Motor Corp., U.S.A.*, No. 2:05CV00422, slip op. at 2 (D.Utah Feb. 28, 2007) (*"Discovery Order"*). Rather, Yamaha actually filed the documents, by placing them in the drop-box, several days after the "filed" stamp was placed on the documents. *Id.* After the district court realized that this was not an isolated incident, but happened several times, it admonished Yamaha, stating that "[t]his deceitful conduct will not be tolerated" and that this inappropriate practice "is particularly egregious when . . . the court is liberal in granting extensions of time." *Id.* slip op. at 2–3. The court further noted that "counsel in this case have been admonished before about the gamesmanship that has been taking place in this lawsuit." *Id.* slip op. at 3. In addition, regarding Yamaha's interpretation of communications with the district court, the court further characterized Yamaha's actions as "unreasonabl[e]" and "disingenuous." *Boss Indus., Inc. v. Yamaha Motor Corp. U.S.A.*, No. 2:05CV00422, slip op. at 4 n. 2 (D.Utah Jan. 23, 2007). This type of conduct during litigation is unacceptable and reflects a lack of respect for both the opposing party and the court.

## CONCLUSION

In sum, we affirm the district court's claim constructions of "base section" and "adjacent." We therefore affirm the court's grant of summary judgment of noninfringement. Because we affirm the summary judgment of noninfringement, Boss's appeal of the denial of its discovery motions is moot.

Each party shall bear its own costs.

*AFFIRMED.*

**DIPPIN' DOTS, INC. and Curt D. Jones, Plaintiffs–Appellants,**

v.

**Thomas R. MOSEY, Dots of Fun, International Laser Expressions, Inc. (also known as I.L.E., Inc.), Defendants,**

**and**

**Nicholas Angus, Defendant/Counterclaimant,**

**and**

**Frosty Bites Distribution LLC, Defendant–Appellee,**

**and**

**Distribution Parties, Frosty Bites Distributor of Florida, Inc., Frosty Bites Distributor of Georgia, Inc., Frosty Bites of Michigan, Inc., J & J Concessions of New Jersey, Inc., Frosty Bites Ice Cream Company, LLC, Frosty Bites South, Inc., Frosty Bites of New York, LLC, Frosty Bites Ice Cream Development, LLC, and International Association of Amusement Parks and Attractions, Defendants,**

v.

**Barry Jay Bass, James Perez, and Jeanine Matone, Counterclaim Defendants,**

and

**Frosty Bites, Inc. (now known as Mini Melts, Inc.), Counterclaim Defendant.**

No. 2009–1331.

United States Court of Appeals, Federal Circuit.

May 28, 2009.

Daniel J. Warren, Sutherland, Asbill & Brennan, LLP, Atlanta, GA, for Plaintiffs–Appellants.

Keith E. Broyles, Alston & Bird LLP, Atlanta, GA, for Defendant–Appellee.

### ORDER

The parties having so agreed, it is

ORDERED that the proceeding is DIS-MISSED under Fed. R.App. P. 42(b).

**PURECHOICE, INC., Plaintiff–Appellant,**

v.

**HONEYWELL INTERNATIONAL, INC., Defendant–Appellee.**

No. 2008–1482.

United States Court of Appeals, Federal Circuit.

June 1, 2009.

*Corrected June 2, 2009.

* Corrected spelling of attorney name